IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHRAWAN HAMAL, ) <br> Individually and on behalf of others ) <br> similarly situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GHULAM INVESTMENTS, INC. ) <br> and MEHMOOD SOHANI, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br><br> NO.: _____ <br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shrawan Hamal, and files this lawsuit against Defendants Ghulam Investments, Inc. and Mehmood Sohani (hereinafter collectively "Defendants"), and shows the following:

## Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

1

amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Ghulam Investments, Inc. is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 1790 Howell Mill Rd NW, Atlanta, Georgia 30318.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

6.

Plaintiff Hamal was a resident of the State of Georgia during the relevant time period.

7.

Defendant Ghulam Investments, Inc. may be served with process by

delivering a copy of the summons and complaint to its registered agent, Mehmood Sohani at 2341 Old Ivey Walk, Stone Mountain, Georgia 30087.

8.

Defendant Mehmood Sohani may be served with process by delivering a copy of the summons and complaint to his home address at 2341 Old Ivey Walk, Stone Mountain, Georgia 30087.

**Factual Allegations**

9.

Plaintiff worked at a Shell station owned by Ghulam on Howell Mill Road from February 2012 until January 2014.

10.

Plaintiff generally worked from 2:00 p.m. to 11:00 p.m. Monday through Friday and 10:00 a.m. to 7:00 p.m. on Saturdays. Plaintiff also often had to stay later on his shift until relief arrived.

11.

Plaintiff estimates that he worked an average of 57.5 hours per week during his employment at Ghulam.

12.

When Plaintiff first started working at the station, the previous owner paid him $7.25 per hour for the first 35 hours he worked and then an additional amount

of straight time paid in cash for the hours over 35 per week.

13.

In December 2012, Ghulam purchased the station and began paying Plaintiff $10 per hour for the first 40 hours per week he worked and then additional amount of straight time paid in cash.

14.

Plantiff's hourly rate was increased to $11 per hour in June 2013, but this additional amount was paid in cash.

15.

Plaintiff was also not paid his last two weeks' wages for the period prior to his termination.

16.

Upon information and belief, Ghulam pays all of its employees at all of the gas stations it owns using this method.

17.

Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals overtime at the required rate under the Fair Labor Standards Act.

18.

Defendant Mehmood Sohani is the owner of Ghulam Investments, Inc.

19.

Defendant Sohani had discretion over Plaintiffs' working hours, employment status, and compensation.

20.

Defendant Sohani acts both directly and indirectly in the interest of Ghulam Investments, Inc. and was in a supervisory position over Plaintiffs.

21.

Defendant Ghulam is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendant Sohani is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

24.

At all times relevant, Defendant Ghulam has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

25.

At all times relevant, Defendant Ghulam has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

26.

At all times relevant, upon information and belief, Defendant Ghulam has had an annual gross volume of sales made or business done in excess of $500,000.00.

27.

The overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

28.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

29.

Plaintiff and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and

one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

30.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

31.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA § 7; 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees,

reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 25th day of April 2014.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff