# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHRAWAN HAMAL, Individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>GHULAM INVESTMENTS, INC. and MEHMOOD SOHANI,<br><br>                    Defendants. | Civil Action No. 1:14-CV-1257-AT |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff Shrawan Hamal and Defendants Ghulam Investments, Inc. and Mehmood Sohani, by and through counsel, respectfully jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee

is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1353.  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S Ct. 925, 928 n. 8, 90 L.Ed 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp*, 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.  The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to

ATLANTA 5579979.1

resolve and release the Plaintiff's FLSA claims against Defendants.  The proposed settlement arises out of an action brought by the Plaintiff against his former employer and its owner.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues.  The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed the Plaintiff's alleged claims for overtime hours and pay rate, and formulated their own proposed settlement figures.  The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  Likewise, attorney's fees and costs were negotiated and settled separately from other claims settled in this matter.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  Moreover, the negotiation of the settlement was conducted with the facilitation of U.S. Magistrate Judge Russell G. Vineyard, and the terms of the settlement were placed on the record by Judge Vineyard along with confirmation by each party that the terms of the settlement were a fair and reasonable compromise of the dispute.

ATLANTA 5579979.1

The Settlement Agreement is attached for the Court's review and is marked as Exhibit A.

Accordingly, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

Respectfully submitted this 29th day of July, 2014.

**CONSENTED:**

/s/Paul J. Sharman

Paul J. Sharman
Georgia Bar No. 227207
THE SHARMAN LAW FIRM LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
phone:  678.242.5297
fax:  678.802.2129
Email:  paul@sharman-law.com

*Attorney for Plaintiff*

/s/R. Daniel Beale

R. Daniel Beale
Georgia Bar No. 043880
Cary R. Burke
Georgia Bar No. 757627
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
phone:  404.527.4000
fax:  404.527.4198
Email:   dbeale@mckennalong.com
Email:   cburke@mckennalong.com

*Attorneys for Defendants*

ATLANTA 5579979.1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHRAWAN HAMAL, Individually and
on behalf of others similarly situated,

          Plaintiff,

v.

GHULAM INVESTMENTS, INC. and
MEHMOOD SOHANI,

          Defendants.

Civil Action No. 1:14-CV-1257-AT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2014, I electronically filed the foregoing **JOINT MOTION TO APPROVE FLSA SETTLEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Sharman
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022

Attorney for Plaintiff

ATLANTA 5579979.1

This 29th day of July, 2014.

/s/R. Daniel Beale
R. Daniel Beale
Georgia Bar No. 043880
Email: dbeale@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
Tel:  (404) 527-4000
Fax: (404) 527-4198

Attorney for Defendants

ATLANTA 5579979.1